THE MISSOURI PACIFIC RAILWAY COMPANY v. V. G.
HOUSTON.

**No. 339.** (59 Pac. 688.)

NEGLIGENCE—*Liability of Carrier—Evidence.* The evidence in
this case does not show that the loss occurred by reason of the
negligence of the plaintiff in error.

Error from Anderson district court; A. W. BENSON,
judge. Opinion filed January 13, 1900. Reversed.

*Waggener, Horton & Orr,* for plaintiff in error.

*D. W. Houston,* for defendant in error.

The opinion of the court was delivered by

DENNISON, P. J.: This action was originally com-
menced before a justice of the peace in Anderson
county, by the defendant in error against the plaintiff
in error, to recover for the misdelivery of forty cases
of eggs shipped by the defendant in error *via* the line
of the plaintiff in error and the Wabash and other
lines to New York city. The goods were consigned
to S. Rowland, New York, N. Y., and were delivered
to the connecting line at St. Louis, Mo.

Some one of the lines erroneously billed the goods
to James or J. Rowland, New York, N. Y., and they
were delivered to him and not to S. Rowland. The
defendant in error shipped the eggs in accordance with
the terms of a sale made by him to the firm of Schoen-
field & Co., of Jacksonville, Ill., who became insolvent
before the goods were finally located, and the defend-
ant in error claims to have lost the whole of the pro-
ceeds.

The case was appealed to the district court and the
defendant in error obtained judgment, and the rail-
way company brings the case here for review.

The law governing the material errors complained of is correctly stated by Judge Benson in his opinion in writing delivered in passing upon the motions of the plaintiff in error for judgment in its favor upon the special findings of the jury and for a new trial, which is as follows:

"On the trial of this action, it appeared that the plaintiff consigned the eggs in the name of Schoenfield & Co. to S. Rowland, New York. The defendant company transported the eggs in good order to St. Louis, its eastern terminus, within a reasonable time, and then delivered them to the Wiggins Ferry Company, presumably the next connecting carrier. In making such delivery, however, the defendant company billed the goods to 'J. Rowland,' instead of S. Rowland, as originally consigned. This mistake caused the delay and loss to the plaintiff.

"The duty of the defendant was to transport the goods over its own line and deliver in safety to the connecting carrier. (*Berg v. A. T. & S. F. R. R. Co.*, 30 Kan. 561, 2 Pac. 639; *A. T. & S. F. R. R. Co. v. Richardson*, 53 id. 157, 35 Pac. 1114.)

"But this delivery to the connecting carrier must be for the purpose of having the goods forwarded to their destination as first consigned. The receipt given by the defendant at Garnett recites: 'To be forwarded to S. Rowland, at New York, N. Y.' Instead of doing this the defendant forwarded the goods from St. Louis to 'J. Rowland, New York, N. Y.' The defendant performed part of its contract, it transported the goods over its line, but it failed to perform another part, viz., to forward the goods to the proper consignee; hence its liability.

"The motion for judgment on the findings and for a new trial should each be overruled."

While the law is correctly stated, there is an entire absence of testimony concerning the delivery to the Wiggins Ferry Company. In fact, this is the first and only mention made of it in the record. There is no

testimony that the plaintiff in error billed the goods to J. Rowland. The only testimony upon that point is the billing of the Wabash railway, which is shown to be the next connecting carrier eastward, and it recites that they were consigned to J. Rowland, New York, N. Y., and the letter of J. S. Tustin in reply to the tracers sent out. None of this testimony tends to show that the mistake was made by the plaintiff in error. The defendant in error was required to prove this mistake to have been made by the plaintiff in error. Having failed to do so, he failed to prove his case, and the demurrer to the evidence should have been sustained.

The judgment of the district court is reversed and the cause remanded for a new trial.